The first case is Shull v. TBTF Productions, and we are ready to proceed. Good morning, your honors. Alvin Turkel, Boorstin Turkel, PC, for the appellants. May it please the court. Fundamentally, this is an appeal to file an amended complaint. Under Rule 59E, when the district court took judicial notice of disputable facts, and under 60B, for district court overlooking appellants' arguments concerning copying of method identifiable only with the appellants, Denise Shull. I don't mean to, I am interrupting you, and you can argue any way you want, so long as it's okay with the presider. I'm particularly, myself, interested in the motion to amend the complaint and the denial of it, so I hope during the course of your argument you'll mention it. Well, let me address that, your honor. The appellants moved post-judgment to amend their complaint. During oral argument on the Rule 12 motion to dismiss, prior counsel discussed with an amendment, offered to make an amendment. Perhaps mistakes were made in the forcefulness of that offer, but the appellants were not given an opportunity to amend prior to judgment, which was entered just days after the decision. So what we are asking, your honor, is that this court allow the appellants to do so. Okay. I suppose it's possible, if you're right, it could go back and the judge could simply say, if the judge so believes, so concludes, could say that he denies the amendment because it's futile. That's possible. And I guess the question is whether, if we think it's futile, we can do that without saying, well, maybe he should have allowed the amendment, but it would have been futile and therefore we affirm anyway. Is that something we can do in the first instance to decide the futility? Yeah, but it is better left to the district court. And what the district court did in its decision was to overlook the essential argument of the appellants at the prior level. The essential argument being that the method, the Scholl method, which is the assessment of the individual for their past trauma and how that affects their unconscious in the business of trading, right? How that was copied by Billions through their character, Wendy. Instead, what the district court focused on was a two-dimensional character of a female hedge fund coach. Just following up on my colleague's questions, let's say that we were to disagree with you about that and think that the district court's analysis on substantial similarity was correct. Is there any space for you in that situation where you could say, well, you should still send it back because our amended complaint would not be futile? Yes, Your Honor. The amended complaint asserts additional claims of false endorsement, which should be handled by the district court. And on that basis alone, Your Honors could send it back to district court. You said a moment ago, I think that the show copied the plaintiff's method. Is that right? Yes, Your Honor. What do you mean by that? What was copied? How is the method reflected in the TV show? Well, I think it's a good place to look back at district court's decision on dismissal where district court says that Axe, the character in Billions, has the ability to make a good trade. This is at A299 of the record, Your Honor. Has the ability to make a good trade, but consciously chooses not to in an effort to seek retribution against himself for his friend. That's actually not the show method. It's not what was copied. It is the unconscious. My question is, what is the method that you claim was copied? And where is that reflected in the show? I mean, is that the key to your complaint, is that the method was copied? Well, the key to the complaint is that the method is copied, that the method is specifically identifiable and unique to Ms. Shull. And that being what? What is the method? It is the holding together of the neuroscientific, let me rephrase that, I'm sorry, accessing and addressing past trauma to improve judgment and intuition, what Billions considers and expresses as, quote, the quiet voice for trading. That is what was copied, right? What is expressed in market mind games. Is that protectable? Is that protectable? Yes, Your Honor. That's like an idea or a concept to me. It is an expression of a method expressed in a tangible medium in market mind games, which is substantially copied in such episodes as the Magical Thinking episode of Billions. Now, appellants include substantial allegations of actual consumer confusion regarding these things. And you see it in the proposed First Amendment complaint. Many, many people identify, lay observers identify the Wendy character with Denise Shull and her character in market mind games. That's enough. That's enough. That's enough. I don't mean to make light of it. I really don't. But I was thinking as I was reading this about a television play in which the psychiatrist says to the patient, why don't you lie down here on the couch and tell me about your relationship with your mother? Now, does Freud's estate get to sue? It's so generalized. One would think that there's nothing unique about it, even if this was the first time it was ever said that there's nothing particularly unique or and therefore copyrightable about it. Well, as pledged, it is unique. It is specifically identifiable with Shull. It is unique to the trading context and to the hedge fund context. And it is what Billions has copied. Thank you. We'll hear from the appellee. Good morning, Your Honors. Elizabeth McNamara for the defendants appellees. And let me begin with a leave to amend. And let me underscore what is critical to the analysis is that the complaint below was not dismissed based upon pleading insufficiencies. It was dismissed based upon a substantive review of the respective works and reaching the conclusion that a 34 page decision that meticulously addressed each of the alleged similarities in the work. And if the court below found in footnote five of its decision denying the leave to amend that any attempt to amend would be futile. So the law of this circuit is consistent with the Supreme Court's decision in Foman that when a denial of a leave to amend is based upon futility. Did the court explain why it was futile or did it just dismiss it in that footnote? Or did it just dismiss it as saying, well, it's futile? Well, I think in context of the decision and how it addresses the fact that it went through all the alleged similarities of the works, I think that it was incorporating by reference its motion to dismiss, which found that the claim failed as a matter of law after a substantive review of the respective works. So I believe it in context, it is explained, Your Honor. And this court can usually with futility on an appeal, it is reviewed de novo. We think that it was found below, but this court can also independently and has it before it can assess the futility of the two. We could do that even if, because it's de novo, we could do that even if the district court did not address it so long as it was raised below. Is that right? Correct, Your Honor. Absolutely. And so there's really two claims on the table here, both of which are indisputably futile. One is the copyright claim and one is the Lanham Act claim. So let me you hit the nail on the head in that what is the issue here? She can only state a claim based upon her copyrighted work as expressed in market mind games. She is trying to state a claim, as you just heard from her counsel today, on really an abstract idea of a method, which is not copyrightable, as this court is well aware. It can only be as expressed in the work. And here the court went through meticulously side-by-side comparison of the two works, independently reviewed them, did not simply rely on the allegations of the complaint, and concluded that the works were not remotely similar. Whether you looked at the characters, or you looked at the method, or you looked at the specific allegations of alleged similarity. And no amount of repleting, whether in the proposed amended complaint or in any subsequent amended complaint, can change that conclusion, Your Honor. Your Honors, the court, as I said, considered all the comparisons, including the ones that are included in the amended complaint, and they found that they did not resemble each other in particular, specifically as to the characters, Denise and Wendy. It's important there, the court found in its language, that Denise and Wendy do not resemble one another in the slightest. And indeed, the Denise character in- How do you respond to the arguments about the evidence of confusion, emails from friends saying, this is you? How do you deal with that? Well, first of all, the similar kind of evidence has been presented in other copyright cases, and that is not sufficient to overcome the independent finding by the court by reviewing the works. In the Lanham Act context, similarly, that is not sufficient to overcome the futility of the claim under the First Amendment. In the leading decision of Rogers v. Grimaldi out of this court, there was similar evidence of market research, there was anecdotal evidence of people believing that Ginger Rogers had somehow endorsed or had been involved in Fellini's film, but that was not sufficient to state a claim under the First Amendment. The same was true in these out of the Sixth Circuit in the ETW case involving Tiger Woods, where there also was presented survey evidence of supposed confusion, but it was not sufficient to overcome the First Amendment constraints on Lanham Act claims when they are tried to be applied to expressive works. So are you saying we would need to reach those First Amendment questions in order to determine that it would be futile to send this back to the district court? We would have to reach them in the first instance and do that analysis? I think that below the court, you know, there was some confusion in the record below as to the Lanham Act claim. The plaintiff in her original complaint, actually in paragraph one, says that she's asserting the Lanham Act claim. The court actually dismissed the Lanham Act claim in its decision in the footnote five of that decision. And so I don't know that the court has to kind of in the first instance address the First Amendment arguments, but the court most certainly can do so. And there is no dispute in the law as to the fact that this claim, as stated, or as in any conception, could not withstand a First Amendment challenge as against this work. Ms. Scholl's name is not used in the work. Her likeness is not actually used in the work. There is no other clear indicia of Ms. Scholl in this abstract method that they are pressing on appeal. There is simply no basis for the First Amendment that it could or that could overcome the First Amendment. The claim really is boils down to this, as I say, this abstraction. I'm sorry, Judge Chin, do you have a question? No. Oh, okay. When you rustle papers, it makes a sound and your picture goes on. That's how it works. Yeah, and I was turning my notepad. Yes. And this case is far removed from Rogers, as I've indicated, where her actual name was used. And as I've indicated, the third parties don't change that any more than under the copyright claim. What they try to press is that the uniqueness of her method gives rise to a claim. But as this court is well aware, uniqueness does not drive these decisions, whether under substantial similarity or under the Lanham Act. As this was, I think, aptly shown in Williams versus Crichton, where the plaintiff there had come up with a highly unique story arc in his novel about a modern day dinosaur zoo on an island. Jurassic Park adopted the same, or whether they adopted or not, they came to the same idea. And the court did not focus on the alleged uniqueness of the ideas. The basis of the ruling was how those ideas were expressed in the respective works. And here, how the Ms. Scholl's method is expressed in Market Mind Games, there is no similarity, substantive similarity, between that and how there's any expression of it in Billions. Whether you look at the Magical Thinking episode or any other episode of Billions, it simply does not arise to expressive works, any expressive taking of expression. And so I could briefly, Your Honor, address, if you'd like, the internet search. I don't know if you want to hear on that. The court there, all that happened is that the internet search did no more than confirm... Could we review this to your satisfaction simply by ignoring the internet search? Yes, you could. I think the internet search could easily be ignored. It was of no moment, and it just confirmed evidence that the plaintiff herself put in the record. So, Your Honor, if you don't have any further questions, I will leave at this point and respectfully ask the court to affirm the rulings below. Thank you very much. We'll hear rebuttal. There's a lot of interplay between the quick internet search and the district court's determination for dismissal. And I think, as Judge Sack alluded to, there are issues of fact here that should not be determined at the Rule 12 stage in dismissal. Basically, what appellees are saying is that there's nothing protectable in market mind games, but there's artistic merit in it. They can't have it both ways on that with the First Amendment protection. The amended complaint, the proposed amended complaint... I don't think they're saying there's nothing protectable. I think what they're saying is nothing that is protectable was copied. Well, that's what the district court is saying. District court is saying that it's all scenes of fare, that it is precarious in the district court's terminology, that Michelle Appellants would have copyright over a female hedge fund coach. And that is how the district court viewed the entirety of the issue before it. And that's the error in its analysis. If it would have looked more closely at the allegations of the protectable method... Are you claiming that the concept of a female performance coach at a hedge fund is copyrightable? Specifically not, Your Honor. And that's the point I'm trying to make, is that that's where the district court came down. And that's not the allegation of the complaint. And if Your Honors will look at A325, which is part of the proposed amended complaint, the appellants included a more full recitation, more full outlining of the content in Market Mind Games and in Billions. And it goes to the expression of the self-retaliation by the trader to punish himself for doing something wrong in the past. It is the unconscious reason for the bad trade expressed in Market Mind Games and expressed in Billions. As to the actual consumer confusion, Rogers v. Grimaldi, summary judgment, this is Rule 12. On Rule 12, we've shown a likelihood of confusion in the work itself, the method, the actions are specifically identifiable with Michelle and Appellants. And therefore, there is a likelihood of confusion that the district court should consider. And in the interest of fairness, there has been no amended complaint. There was only one complaint. And dismissal and judgment was entered just days later. We ask Your Honors for the opportunity to file amended complaint. Thank you. Thank you both. And we will take the matter under advisement.